**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-027**

**Filing Date:  January 26, 2012**

**Docket No. 30,660**

**CITY OF SANTA FE ex rel.**
**SANTA FE POLICE DEPARTMENT,**

> **Petitioner-Appellant,**

**v.**

**ONE (1) BLACK 2006 JEEP 2-DOOR**
**V.I.N. 1J4FA6456P731037**
**NEW MEXICO LICENSE NO. 001 PND,**

> **Respondent,**

**and**

**AMERICREDIT FINANCIAL SERVICES,**

> **Claimant,**

**and**

**DIEGO OLIVAS,**

> **Claimant-Appellee**.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

R. Alfred Walker, Assistant City Attorney
Adrian Terry, Assistant City Attorney
Santa Fe, NM

for Appellant

Cuddy & McCarthy, L.L.P.
Aaron J. Wolf

Santa Fe, NM

for Claimant-Appellee

**OPINION**

**VANZI, Judge.**

**{1}**     The City of Santa Fe (City) appeals from an order of the district court dismissing the City's petition for forfeiture and directing it to return the motor vehicle at issue in this case to Claimant, Diego Olivas.  The district court concluded that the City's vehicle forfeiture ordinance, Santa Fe, N.M., Code § 24-9 SFCC 1987 (2007) (the Ordinance), permitting forfeiture of a vehicle operated by a person whose  license is revoked as a result of a prior DWI conviction did not apply to Olivas's conduct.  In a matter of first impression, the sole issue on appeal is whether a vehicle operated by a person whose license has been revoked as a result of a conviction for driving while under the influence of drugs or alcohol (DWI) but was eligible for reinstatement prior to the time of the traffic stop that led to the forfeiture action, but who failed to obtain reinstatement of the license before the stop, is subject to the Ordinance.  We hold that the Ordinance does not make any exceptions for drivers who, though they may be eligible for reinstatement, continue to drive on a revoked license.  We reverse the district court.

**BACKGROUND**

**{2}**     The following facts are undisputed.  On February 25, 2010, Diego Olivas was driving his 2006 Jeep within City limits when he was stopped and cited for a traffic violation.  At the time he was stopped, Olivas's license was revoked as a result of a conviction for DWI.

**{3}**     Olivas committed the DWI on February 17, 2008, and he was convicted for the offense on May 22, 2008.  On March 8, 2008, the Motor Vehicle Division of the New Mexico Department of Taxation and Revenue (MVD) revoked Olivas's driver's license. The MVD mailed Olivas a notice of revocation on July 9, 2008, informing Olivas that his license had been revoked for a minimum of one year and that he was eligible to have his license reinstated on March 8, 2009.  The revocation notice advised Olivas that reinstatement at the end of the revocation period was not automatic and that he had to meet certain requirements, including payment of a reinstatement fee.

**{4}**     Although he was eligible to have his driving privileges restored, Olivas had not paid the $100 reinstatement fee.  Consequently, when he committed the traffic violation on February 25, 2010, Olivas was cited for the violation and was arrested for driving with a revoked license.  The officer then impounded Olivas's vehicle as a nuisance under the Ordinance.  Santa Fe, N.M., Code §§ 24-9.3(B), 24-9.4.

2

**{5}** On April 12, 2010, the City filed a verified petition for forfeiture of motor vehicle. Olivas filed an answer and, on June 29, 2010, the district court held a hearing on the merits. At the conclusion of the hearing, the district court denied the City's application for forfeiture and dismissed the petition. The district court concluded that the failure to pay a reinstatement fee was merely a pro forma requirement that did not justify the forfeiture of Olivas's vehicle and ordered the City to immediately return the vehicle to him.

**{6}** The City timely appealed. We note that on appeal we are without the benefit of an answer brief as Olivas has filed a notice of non-filing of answer brief, asserting that he sold the vehicle and no longer has a continued interest in the outcome of this matter.

## DISCUSSION

### Standard of Review

**{7}** "When there are no disputed material facts, an appellate court reviews all issues on appeal under a de novo standard of review." *City of Albuquerque v. One (1) 1984 White Chevy*, 2002-NMSC-014, ¶ 5, 132 N.M. 187, 46 P.3d 94. "Interpretation of municipal ordinances and statutes is a question of law that we review de novo." *Stennis v. City of Santa Fe*, 2008-NMSC-008, ¶ 13, 143 N.M. 320, 176 P.3d 309. We follow the same rules of statutory interpretation when interpreting ordinances. *Cadena v. Bernalillo Cnty. Bd. of Cnty. Comm'rs*, 2006-NMCA-036, ¶ 7, 139 N.M. 300, 131 P.3d 687. The guiding principle in statutory construction requires that we look to the wording of the statute and attempt to apply "the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (alteration, internal quotation marks, and citation omitted); *State v. Johnson*, 2009-NMSC-049, ¶ 10, 147 N.M. 177, 218 P.3d 863 ("The primary indicator of legislative intent is the plain language of the statute."). Accordingly, "a statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration." *State v. Maestas*, 2007-NMSC-001, ¶ 14, 140 N.M. 836, 149 P.3d 933 (alteration, internal quotation marks, and citation omitted). With these principles in mind, we now turn to the City's argument in this case.

### The Ordinance Applies to a Vehicle Operated by a Person Whose License Is Currently Revoked for DWI and Who Has Not Met All the Requirements for Reinstatement

**{8}** The City asserts that once Olivas's driving privileges were revoked for DWI, they remained revoked until he took affirmative steps and met all the requirements for reinstatement. The City argues that because Olivas failed to have his driver's license reinstated, his vehicle was subject to forfeiture pursuant to the Ordinance. Thus, the City contends, the district court erred in finding that the Ordinance did not apply to Olivas's conduct and in ordering the return of the vehicle to him. We agree. We begin with a review

3

of Section 24-9 and then turn to the question of whether a driver's failure to pay a reinstatement fee is merely "a pro forma requirement" of the MVD that does not justify the forfeiture of a vehicle operated by that person under the Ordinance.

**{9}**    In 2007, the City's governing body adopted the Ordinance with the intent of protecting the health and safety of its citizens by abating motor vehicle nuisances. Santa Fe, N.M., Code § 24-9.2(A). Specifically, the City enacted the Ordinance in response to the serious problems caused by those who drive under the influence of alcohol or drugs or "who drive in violation of driver's license restrictions" and therefore create the potential for serious injury and loss of life to innocent persons. *Id.* The City determined that the way to achieve the objective of keeping alcohol- and drug-impaired drivers off the roadways is to subject the vehicle they are driving to forfeiture if they are caught driving with a revoked license because of a previous DWI conviction. *See* Santa Fe, N.M., Code § 24-9.3 (declaring as a nuisance a motor vehicle that is "[o]perated by a person who is arrested for DWI or operated by a person whose license is currently revoked or denied as a result of a DWI arrest"); Santa Fe, N.M., Code § 24-9.4 (stating that motor vehicles declared to be a nuisance are subject to forfeiture by the City). There is no constitutional challenge to the Ordinance here. We note that our Supreme Court has previously upheld the constitutionality of a similar forfeiture ordinance on the ground that it did not violate double jeopardy, indicating that the ordinance was "a remedial measure [designed] to protect the public from those drivers who persist in driving after license revocation and multiple DWI offenses." *One (1) 1984 White Chevy*, 2002-NMSC-014, ¶ 18.

**{10}**    In this case, the MVD revoked Olivas's license on March 8, 2008, as a result of a DWI conviction. Although the one-year revocation period had passed, Olivas had not paid the reinstatement fee. Thus, the City argues, Olivas drove his vehicle on City streets while his license was "currently revoked or denied as a result of a DWI arrest or conviction prohibiting [him] from driving[.]" Santa Fe, N.M., Code § 24-9.3(B). As a result, his vehicle was determined to be a nuisance and subject to civil forfeiture. The district court, however, found otherwise. It concluded that the Ordinance, as written, was "draconian in certain circumstances and is not meeting the public purpose for which it was enacted." Accordingly, the district court held:

> The Ordinance does not apply to [Olivas's] conduct, in that his license was on revoked status at the time of his being stopped and cited merely for the failure to pay a reinstatement fee, a *pro forma* requirement of the [MVD], and the failure to pay such fee, standing alone does not constitute a substantial risk of harm to the public justifying the forfeiture of a motor vehicle.

For the reasons that follow, we are not persuaded by the district court's analysis.

**{11}**    We begin with the statutory scheme governing the authority of the MVD to revoke and subsequently reinstate a driver's license, and we then consider the pertinent provisions

4

of the Ordinance. NMSA 1978, Section 66-5-29(C) (2007) sets forth the applicable period of time a person who is convicted of DWI shall have his driver's license revoked. Here, Olivas's license was revoked for a minimum mandatory period of one year. Next, NMSA 1978, Section 66-5-33.1 (2009), provides the procedure for reinstatement of a driver's license that is revoked. Our Legislature is unequivocal that an application for reinstatement and payment of a $25 fee is *a prerequisite* to reinstatement of a revoked license. Section 66-5-33.1(A). And if the revocation is due to a DWI, an additional fee of $75 *is required* to be paid to reinstate the license. Section 66-5-33.1(B). The plain language of Section 66-5-33.1 is clear and unambiguous. The revocation period continues until the fee is paid. Nowhere does the statute state that a person's driving privileges are automatically restored upon the expiration of the penalty period or that the period of revocation is not extended by a driver's failure to pay the reinstatement fee. We conclude that a driver's license cannot be reinstated—and therefore remains revoked—until compliance with all provisions and payment of the requisite fee is accomplished.

{12}    Consistent with the statutory provision governing reinstatement of a revoked license, we also observe that on July 9, 2008, the MVD mailed a notice of revocation to Olivas, informing him that his privilege to drive had been revoked for a minimum period of one year beginning on March 8, 2008. Among other things, the notice of revocation stated:

> *IMPORTANT:* REINSTATEMENT AT THE END OF THE REVOCATION PERIOD OR DISQUALIFICATION PERIOD IS NOT AUTOMATIC. THE REVOCATION WILL REMAIN EFFECTIVE UNTIL ALL REQUIREMENTS FOR REINSTATEMENT ARE MET INCLUDING PAYMENT OF A REINSTATEMENT FEE.

The plain language of the notice makes clear that a driver's license revoked under Section 66-5-29 remains revoked until the driver has complied with all requirements for reinstatement, including payment of the reinstatement fee.

{13}    For the reasons set forth above, we conclude that the New Mexico Legislature intended the revocation period set forth in Section 66-5-29(C) to continue beyond the period required and said so explicitly when it stated that payment of a fee is a prerequisite to the reinstatement of any license or registration and that an additional payment is required if the revocation was due to a DWI. Section 66-5-33.1. We cannot read into the statute any meaning other than what is stated in the plain language. Further, the notice of revocation, which unequivocally states that "the revocation will remain effective until all requirements for reinstatement are met including payment of a reinstatement fee[,]" also leads to the conclusion that failure to pay the reinstatement fee extends the period of revocation.

{14}    We now turn to the Ordinance to ascertain whether any of its provisions afford relief to a driver whose license has been revoked for DWI but who is eligible for reinstatement of that license from having the vehicle he is operating forfeited. As we have noted, Santa Fe, N.M., Code Section 24-9.3(B) declares a motor vehicle to be a public nuisance if it is

5

"[o]perated by a person whose license is currently revoked or denied as a result of a DWI arrest or conviction prohibiting them from driving[.]" Santa Fe, N.M., Code Section 24-9.4 then provides that any motor vehicle declared to be a public nuisance is subject to forfeiture proceedings. The City's governing body's stated purpose and intent of enacting the Ordinance is to protect the public from drivers who continue driving after license revocation. In that regard, the plain language of Section 24-9.3(B) does not provide any exceptions for drivers whose licenses are revoked and not reinstated. Nor does it explicitly—or implicitly—state that a driver who operates a motor vehicle following a period of revocation of his driving privileges, but prior to reinstatement, is exempt from having the vehicle he is operating declared a public nuisance and subject to forfeiture.

**{15}** We conclude that Olivas was operating a motor vehicle without a valid license when he was stopped on February 25, 2010, and his vehicle was subject to forfeiture under the Ordinance. Although the result here may seem harsh given that Olivas was eligible for reinstatement of his license, we are not at liberty to create an exception to or engage in further interpretation of the plain language of the statutes and Ordinance as written. Thus, a driver's license that has been revoked under Section 66-5-29(C) must remain revoked until the driver has applied for reinstatement, complied with all provisions of the Motor Vehicle Code, and paid to MVD a fee of $100. Section 66-5-33.1.

**CONCLUSION**

**{16}** We hold that a driver's license that has been revoked as a result of a DWI conviction remains revoked until all the requirements of reinstatement have been met. We also hold that a vehicle operated by a person with a revoked license whose license is eligible for reinstatement but that license had not been reinstated is subject to the forfeiture provision of the Ordinance. We reverse the decision of the district court.

**{17}    IT IS SO ORDERED.**

<br>

**LINDA M. VANZI, Judge**

**WE CONCUR:**

<br>

**JONATHAN B. SUTIN, Judge**

<br>

**RODERICK T. KENNEDY, Judge**

**Topic Index for *City of Santa Fe, ex rel v. One (1) Black 2006 Jeep*, No. 30,660**

**AE            APPEAL AND ERROR**

6

AE-SR      Standard of Review

**CL**      **CRIMINAL LAW**
CL-DG      Driving While Intoxicated

**CA**      **CRIMINAL PROCEDURE**
CA-FF      Forfeiture
CA-RL      Revocation of Driver's License

**GV**      **GOVERNMENT**
GV-MU      Municipalities
GV-OR      Ordinances