This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF SANTA FE ex rel.**
**SANTA FE POLICE DEPARTMENT,**

     Petitioner-Appellant,

v.                                                                      **NO. A-1-CA-35561**

**ONE (1) 1987 TAN GMC UT**
**V.I.N. 1GKCT18R5H8523531**
**NEW MEXICO LICENSE NO. 381RDT,**

     Respondent,

and

**MARK LOPEZ,**

     Claimant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Kelley Brennan, City Attorney
R. Alfred Walker, Assistant City Attorney
Santa Fe, NM

for Appellant

Mark Lopez
Santa Fe, NM

Pro se Appellee

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1}    The City of Santa Fe (the City) appeals from an order of the district court dismissing the City's petition for forfeiture of the vehicle at issue in this case. The district court concluded that the City's vehicle forfeiture ordinance, Santa Fe, N.M., Code § 24-9 SFCC 1987 (2007) (Forfeiture Ordinance), permitting forfeiture of a vehicle operated by a person whose license is revoked as a result of a prior DWI conviction or who violates the restriction of a conditional license did not apply to Mark Lopez's (Claimant) conduct. The sole issue on appeal is whether a vehicle operated by a person whose license has been revoked as a result of a conviction for driving while under the influence of drugs or alcohol (DWI) and who has received a temporary ignition interlock license but let that license expire before the stop, is subject to the Forfeiture Ordinance. We hold that the Forfeiture Ordinance does not make any exceptions for drivers who, though they may have had temporary driving privileges under an ignition interlock driver's license that has since expired, continue to drive on a revoked license. We reverse the order of the district court.

**BACKGROUND**

{2} This appeal arises from a vehicle stop that occurred on November 8, 2015. Unable to determine whether the registration of Claimant's vehicle was current because the registration sticker on the license plate was obscured by the license plate holder, an officer of the Santa Fe Police Department called dispatch to provide Claimant's license plate number in order to check the vehicle's registration status. Dispatch found that the registration was current, but when the officer inquired about the driver's license status of the registered owner, dispatch informed the officer that Claimant's license was revoked. The officer then stopped Claimant and asked for his driver's license. Claimant provided an ignition interlock driver's license—obtained after he was convicted of DWI on February 15, 2013—that expired on February 22, 2014, about twenty months prior to the stop. Claimant's vehicle contained an ignition interlock device, though the officer did not check the device to ensure it was in proper working condition. The only evidence in the record indicating that the device was functioning was Claimant's assertion during a hearing before the district court. Two days after the stop, on November 10, 2015, Claimant received another temporary ignition interlock license.

{3} On November 18, 2015, in the Santa Fe Municipal Court, Claimant pled guilty to driving without a license. On December 9, 2015, the City petitioned for forfeiture of Claimant's vehicle pursuant to Section 24-9.3(B) of the Forfeiture Ordinance. The

City appeals from the district court's judgment denying forfeiture of Claimant's vehicle.

**DISCUSSION**

**Standard of Review**

**{4}** "When there are no disputed material facts, an appellate court reviews all issues on appeal under a de novo standard of review." *City of Albuquerque v. One (1) 1984 White Chevy Ut.*, 2002-NMSC-014, ¶ 5, 132 N.M. 187, 46 P.3d 94. "Interpretation of municipal ordinances and statutes is a question of law that we review de novo." *Stennis v. City of Santa Fe*, 2008-NMSC-008, ¶ 13, 143 N.M. 320, 176 P.3d 309. "We follow the same rules of statutory interpretation when interpreting ordinances." *City of Santa Fe ex rel. Santa Fe Police Dep't v. One (1) Black 2006 Jeep*, 2012-NMCA-027, ¶ 7, 286 P.3d 1223.

**{5}** This appeal requires determination of whether the Forfeiture Ordinance applies to the driver of a vehicle whose license is revoked because of a DWI conviction and whose ignition interlock driver's license, issued during the duration of the license revocation, is expired. "The guiding principle in statutory construction requires that we look to the wording of the statute and attempt to apply the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous,

4

we must give effect to that language and refrain from further statutory interpretation." *Id.* ¶ 7 (internal quotation marks and citation omitted); *see State v. Johnson*, 2009-NMSC-049, ¶ 10, 147 N.M. 177, 218 P.3d 863 ("The primary indicator of legislative intent is the plain language of the statute."). "[A] statute must be read and given effect as it is written by the [legislative body], not as the court may think it should be or would have been written if the [legislative body] had envisaged all the problems and complications which might arise in the course of its administration." *One (1) Black 2006 Jeep*, 2012-NMCA-027, ¶ 7 (internal quotation marks and citation omitted). With this in mind, we turn to the language of the Forfeiture Ordinance, the rationale of the district court's decision, and the City's argument.

**The Forfeiture Ordinance Applies to a Vehicle Operated by a Person Whose License is Currently Revoked as a Result of a DWI Conviction and Who Has Allowed a Temporary Ignition Interlock Driver's License to Expire**

{6}     The Forfeiture Ordinance provides for forfeiture of any vehicle that has been declared to be a public nuisance. Santa Fe, N.M., Code § 24-9.4. A vehicle is a public nuisance if it is:

     A.     Operated by a person who is arrested for a DWI offense; or

     B.     Operated by a person whose license is currently revoked or denied as a result of a DWI arrest or conviction prohibiting them from driving, and/or whose license is conditioned upon the use of an ignition interlock device, and the terms and conditions of the restrictions are violated.

Santa Fe, N.M., Code § 24-9.3. The district court concluded that Claimant's situation did not satisfy the requirements of Section 24-9.3(B) of the Forfeiture Ordinance: Claimant "was not driving while his license was 'currently revoked or denied as a result of a DWI arrest or conviction,' " and he "was not driving while his license was 'conditioned on the use of an ignition interlock device, and the terms and conditions of the restrictions are violated' as required by" Section 24-9.3(B) of the Forfeiture Ordinance, which would permit forfeiture of the vehicle to the City.

{7}     The City argues that the terms of the Forfeiture Ordinance apply to Claimant because once Claimant's driving privileges were revoked because of his DWI conviction, they remained revoked for the duration of the revocation period. Although he obtained a valid, temporary ignition interlock driver's license, that license expired, leaving him with only a revoked driver's license at the time of the stop, conduct that is covered by the Forfeiture Ordinance. *See* Santa Fe, N.M., Code § 24-9.3(B) (allowing forfeiture of a vehicle operated by a person whose driver's license is revoked because of a DWI conviction).

{8}     We agree with the City. The applicable language of the ordinance is clear and unambiguous: any motor vehicle operated by a person whose license is currently revoked as a result of a DWI conviction is subject to forfeiture. Santa Fe, N.M., Code § 24-9.3(B). Addressing the purpose of the ordinance, as stated in the section preceding the one addressing its applicability, the City made clear its intent to abate

6

motor vehicle nuisances for the protection of the public by persons "who drive in violation of driver's license restrictions[.]" Santa Fe, N.M., Code § 24-9.2(A).

{9}     In *One (1) Black 2006 Jeep*, we held that the Forfeiture Ordinance applies to a vehicle operated by a person whose license is currently revoked as a result of a DWI conviction and who has not met the requirements for reinstatement of his or her driver's license following the end of the set revocation period. We held, "[T]he plain language of Section 24-9.3(B) does not provide any exceptions for drivers whose licenses are revoked and not reinstated. Nor does it explicitly—or implicitly—state that a driver who operates a motor vehicle following a period of revocation of his driving privileges, but prior to reinstatement, is exempt from having the vehicle he is operating declared a public nuisance and subject to forfeiture." *One (1) Black 2006 Jeep*, 2012-NMCA-027, ¶ 14.

{10}     Here, as in *One (1) Black 2006 Jeep*, the plain language of the Forfeiture Ordinance dictates our conclusion. The Forfeiture Ordinance does not provide any exception for a driver whose license is currently revoked and who had temporary driving privileges under the terms and conditions of an ignition interlock device but allowed that temporary privilege to expire. Claimant does not dispute that at the time he was stopped, his driver's license was revoked and his temporary ignition interlock driver's license was expired. At the time of the stop, Claimant's driver's license was currently revoked as a result of his 2013 DWI conviction. Thus, given the plain

7

language of the ordinance, Claimant engaged in exactly the conduct that renders his vehicle a public nuisance subject to forfeiture. Furthermore, by operating his vehicle while his license was revoked, Claimant drove in violation of driver's license restrictions, precisely the conduct the City intended to curb by providing for forfeiture of the instrumentality by which a driver violates license restrictions, the vehicle itself. Claimant's having obtained a temporary ignition interlock driver's license and continuing to drive after its expiration is also, in and of itself, a violation of driver's license restrictions, and the stated purpose of the Forfeiture Ordinance is therefore served by its application to Claimant. *See One (1) Black 2006 Jeep*, 2012-NMCA-027, ¶ 14 (explaining that the "stated purpose and intent of enacting the [Forfeiture] Ordinance is to protect the public from drivers who continue driving after license revocation").

{11}    The distinction made by the district court between an expired and revoked license is not one that is made in our statutes or the Forfeiture Ordinance. At the hearing to determine the application of the Forfeiture Ordinance to Claimant's circumstance, the district court stated: "He was specifically found guilty of 'no license,' but not found guilty of driving on a revoked license. So, to me that means . . . his interlock license was expired and that's not what the ordinance says." In other words, the district court appears to have interpreted the Forfeiture Ordinance so as not to apply to a person of Claimant's status, one who has his or her license

8

revoked, obtains an ignition interlock driver's license, and then allows that license to expire. However, the installation and existence of an ignition interlock device accompanied by an expired temporary ignition interlock license does not change the nature or the status of the driver's license, which remains revoked for the duration specific to the DWI offense committed by the driver.

{12} We conclude that because Claimant was operating his vehicle without a valid driver's license when he was stopped on November 8, 2015, his vehicle was subject to forfeiture under the Forfeiture Ordinance. The result may seem harsh given that Claimant had two temporary ignition interlock driver's licenses—one expired at the time of the stop, and one that took effect two days after he was stopped—and that he claims to have had a functioning ignition interlock device in his vehicle at the time of the stop, but "we are not at liberty to create an exception to or engage in further interpretation of the plain language of the statutes and [o]rdinance as written." *One (1) Black 2006 Jeep*, 2012-NMCA-027, ¶ 15.

**CONCLUSION**

{13} We hold that the Forfeiture Ordinance applies to the vehicle of a driver who is stopped at a time the driver's license has been revoked as a result of a DWI conviction and who obtained a temporary ignition interlock driver's license but allowed that license to expire during the license revocation period. We reverse the order of the district court.

{14}    **IT IS SO ORDERED.**


                              _____

                              **STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____

**LINDA M. VANZI, Chief Judge**


_____

**JULIE J. VARGAS, Judge**