| 18  489
| 11a 150

THE SOUTHWESTERN LAND COMPANY, APPELLANT, v. THE HICKORY JACKSON DITCH COMPANY, APPELLEE.

1. EMINENT DOMAIN PROCEEDINGS—AMENDMENT.

A petition in the county court in condemnation proceedings which is insufficient, by reason of a defective jurisdictional averment, may be amended so that the court may have jurisdiction of the subject-matter thereafter.

2. CONSTITUTIONAL LAW.

The eminent domain act, in so far as it provides for a jury upon request of any party, other than the respondent, is in contravention of section 15, art. 2 of the Bill of Rights.

3. COSTS IN EMINENT DOMAIN PROCEEDINGS.

While the statute allows no cost to a party to whom compensation shall be awarded, if the amount thereof shall not be in excess of any lawful tender made by the petitioner before proceedings are commenced, it does not provide that he shall be liable for other costs. *Semble*, if it imposed this burden upon him it would be unconstitutional.

*Appeal from the County Court of Conejos County.*

THE Hickory Jackson Ditch Company filed its petition in the county court of Conejos county to condemn a right of way for a ditch across certain lands of the Southwestern Land

Company. The jurisdictional allegation therein contained is as follows:

"That the value of the strip of land herein sought to be condemned and acquired is less than two thousand dollars."

The clerk of the court in pursuance of section 8 of "an act to provide for the exercise of the right of eminent domain," as amended in 1889, selected a jury as therein provided; issued a venire, directed to the sheriff of his county commanding him to summon the twelve persons selected as jurors, which was accordingly done.

Before the jury was empaneled the defendant moved to dismiss the complaint and the cause, because the complaint or petition "failed to state facts sufficient * * * to give the court jurisdiction of the subject-matter of the action."

This motion was overruled and defendant excepted. The jury was then called, and before the jurors were sworn to answer questions the defendant objected to the empaneling of a jury, which objection was overruled and exception taken. After the jury had been selected defendant objected to the jury being sworn in the case at that time, and objected to the jury being empaneled in the case, which objections were overruled and exception taken. And again before taking testimony defendant, by its attorney, objected to the admission of any testimony for the reason " * * * that the jury had been improperly selected, empaneled and sworn in the case;" which objection was overruled and exception taken.

After the examination in chief of one witness plaintiff's counsel asked leave to amend the petition by inserting the words " nor would the damages, by reason of the construction of this ditch, to respondent's land, or to the Southwestern Land Company's land, exceed the sum of two thousand dollars." This amendment was allowed over the objection of defendant's counsel, whereupon defendant's counsel moved for a continuance, which was denied. The complaint or petition was thereupon amended by interlineation by inserting the following: " And any and all damages to respondent's property.'

The trial of the cause was proceeded with, and resulted in a verdict for the petitioner and an assessment of damages for the land actually taken in the sum of $400.80. Judgment was rendered in accordance with the verdict and against respondent for petitioner's costs, taxed at $796. From this judgment respondent appeals.

Messrs. HOLBROOK & BROWN, for appellant.

Mr. EUGENE ENGLEY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The foregoing statement sufficiently presents the three more important questions involved in this controversy:

First. The sufficiency of the petition to confer jurisdiction upon the county court to entertain the proceedings; and, Second. The right to submit the question of compensation to a jury over the objection of respondent. Third. The validity of the judgment against respondent for petitioner's costs.

The petition originally filed was defective in not averring that the amount of damages, if any, to the residue of respondent's property, and the value of the strip of land sought to be taken, were within the jurisdiction of the county court; and counsel for respondent insist that, the jurisdictional averment being insufficient, the court had no power to grant leave to amend. With this we cannot agree. The defect might have been cured by amendment, if the petition had been attacked by demurrer. By section fifty of the Code of Civil Procedure, a want of jurisdiction of "the subject-matter of the action" is made a ground of demurrer. Section 74 provides that if a demurrer is sustained "the unsuccessful party shall plead over or amend, upon such terms as shall be just." The motion to dismiss in this case upon the grounds stated was the equivalent of a demurrer, and we can perceive no reason why the amendment might not be made upon proper terms as well as upon demurrer. As amended, the jurisdic-

tional averment was sufficient, and the court had jurisdiction of the subject-matter thereafter. The respondent continued to appear in the case and to contest the right of petitioner to condemn its property on other grounds than want of jurisdiction; introduced evidence in support of its answer, and tried the issues joined upon their merits. We think the claim of the want of jurisdiction, as now presented, ought not to be sustained.

The action of the clerk in summoning, and the court in empaneling a jury, to ascertain the compensation to be awarded, was unwarranted. The eminent domain act, in so far as it provides for a jury upon request of any party other than the respondent, is in contravention of the express terms of section 15, article 2 of the Bill of Rights, which reads as follows:

" That private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law," etc.

It appears from the record not only that the jury was empaneled without the request of respondent, but against its consent and over its repeated objections. This was clearly error.

The statute, while it allows no cost to a party to whom compensation shall be awarded, if the amount of such compensation shall not be in excess of any lawful tender made by petitioner before proceedings are commenced, does not provide that he shall be liable for other costs, and if it imposed this burden upon him it would, in our opinion, be unconstitutional. It was error to impose the costs incurred by petitioner upon the respondent.

It is unnecessary to notice the other errors assigned, as those considered are decisive of the case, and compel a reversal of the judgment.

*Reversed.*