**CITY OF WESTMINSTER, a municipal corporation, Petitioner–Appellant,**

v.

**Cecil E. HART, Delbert J. McKee, and Helen Hill, in her official capacity as Treasurer of Adams County, Colorado, Respondents–Appellees.**

No. 95CA0098.

Colorado Court of Appeals, Div. III.

April 4, 1996.

Rehearing Denied May 2, 1996.

Certiorari Denied Nov. 18, 1996.

Martin R. McCullough, City Attorney, Victoria M. Bunsen, Assistant City Attorney, Westminster, for Petitioner--Appellant.

Duncan, Ostrander & Dingess, P.C., Donald M. Ostrander, J. Andrew Ausmus, Denver, for Respondents–Appellees.

Opinion by Judge NEY.

Petitioner, City of Westminster (city), appeals the trial court's denial of its motion for costs under Colo. Sess. Laws 1990, ch. 100, § 13–17–202(1)(a)(II) at 852 (now codified as § 13–17–202(1)(a)(II), C.R.S. (1995 Cum. Supp.)). We affirm.

In July 1993, acting under the statute then in effect, Colo. Sess. Laws 1984, ch. 263, § 38–1–101 at 972, the city, exercising its power of eminent domain, filed a petition in condemnation concerning real property owned by respondents, Cecil E. Hart and Delbert J. McKee (owners). In November 1993, the trial court entered an order of immediate possession in favor of the city conditioned upon its deposit of $15,930 into the registry of the court.

In September 1994, the city made an offer of settlement in the amount of $35,000 which included $19,070 in addition to the amount the city had already deposited in the registry of the court pursuant to its November 1993 order. The owners rejected this offer and requested that a board of commissioners determine the award of just compensation. In October 1994, a board of commissioners awarded owners a total of $16,057.

Because the judgment entered in favor of the owners was less than the amount of the city's settlement offer, in November 1994, the city filed a motion for costs in the amount of $7,620.59 under § 13–17–202(1)(a)(II), as then in effect.

The trial court entered judgment conveying ownership of the property to the city and awarding owners $16,057 (plus interest less withdrawals made by the owners from the registry of the court). The trial court entered a separate order denying the city's motion for costs based upon its determination that § 13–17–202(1)(a)(II) is not applicable in an eminent domain action in which the city exercises its constitutional powers to take property by condemnation. This appeal followed.

The city contends that the trial court erred in denying its motion for costs because § 13–17–202(1)(a)(II) applies to all civil proceedings, including condemnation proceedings. We do not agree.

Section 13–17–202(1)(a)(II) provides, notwithstanding any other statute to the contrary, that in any civil action in which a defendant makes an offer of settlement that is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the settlement offered, the defendant shall be awarded the actual costs accrued after the offer of settlement was made.

It may be presumed that when the General Assembly enacted § 13–17–202(1)(a)(II), it intended compliance with the constitution. See § 2–4–201(1)(a), C.R.S. (1980 Repl.Vol. 1B).

Colo. Const. art. II, § 15 provides:

Private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation

shall be ascertained by a board of commissioners, of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law....

This constitutional provision protects an owner's right to compensation for an involuntary taking by a governmental agency. *See Srb v. Board of County Commissioners,* 43 Colo. App. 14, 601 P.2d 1082 (1979).

Colo. Const. art. II, § 15 does not provide a mechanism by which an owner may oppose the forced taking of his or her property. Rather, it merely provides that the owner is entitled to just compensation and sets forth a procedure for the determination of that just compensation when the state or other governmental authority exercises its powers of eminent domain.

We conclude that requiring the owners to pay the city's costs under § 13–17–202(1)(a)(II) would violate the owners' constitutional right to just compensation as determined by a jury or board of commissioners. *See Keller v. Miller,* 63 Colo. 304, 165 P. 774 (1917). *See also Southwestern Land Co. v. Hickory Jackson Ditch Co.,* 18 Colo. 489, 33 P. 275 (1893) (trial court erred in awarding condemnor its costs of condemnation proceedings where owner rejected settlement offer made prior to trial that exceeded compensation awarded by jury).

To hold otherwise would result in the owners receiving less compensation than specified by the board of commissioners. Such a result is prohibited by Colo. Const. art. II, § 15, which exclusively authorizes a board of commissioners or a jury to determine the amount of just compensation due to the owners. *See Southwestern Land Co. v. Hickory Jackson Ditch Co., supra.*

Therefore, we reject the city's contention that § 13–17–202(1)(a)(II) applies to condemnation proceedings in which the final judgment is less than the amount of the city's offer of settlement.

The order is affirmed.

PLANK and ROY, JJ., concur.