**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date:  April 17, 2014

Docket No. 29,083

MOONGATE WATER COMPANY, INC.,

       Plaintiff-Appellant,

v.

CITY OF LAS CRUCES,

       Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Robert E. Robles, District Judge

Montgomery & Andrews, P.A.
Stephen S. Hamilton
Andrew S. Montgomery
Santa Fe, NM

William A. Walker, Jr., P.C.
William A. Walker, Jr.
Las Cruces, NM

for Appellant

City of Las Cruces
Marcia B. Driggers
Las Cruces, NM

Keleher & McLeod, P.A.
Thomas C. Bird
Kurt Wihl
Nathan S. Stimson
Albuquerque, NM

for Appellee

**OPINION**

**VANZI, Judge.**

**{1}**     Moongate Water Company, Inc., (Moongate) appeals the district court's order awarding costs to the City of Las Cruces (the City) as the prevailing party in an inverse condemnation action brought by Moongate. The sole question we must address is whether the Eminent Domain Code (the Code), NMSA 1978, § 42A-1-1 to -33 (1980, as amended through 2001), permits costs to be taxed against a property owner who exercises the constitutional or statutory right to seek just compensation for a taking of private property. We answer in the affirmative and uphold the decision of the district court.

**BACKGROUND**

**{2}**     We briefly review the facts and proceedings leading up to this appeal. Moongate is a private company that has been authorized by the Public Regulation Commission (PRC) since 1983 to supply water as a public utility in an area on the outskirts of the City. *Moongate Water Co. v. City of Las Cruces*, 2012-NMCA-003, ¶ 3, 269 P.3d 1, *aff'd*, 2013-NMSC-018, 302 P.3d 405. In 2004 and 2005, the City annexed three undeveloped tracts of land within Moongate's certified area and committed itself to provide water to the subdivisions it was developing there. *Id.* ¶ 4. Moongate sued, seeking just compensation from the City, asserting, among other things, a claim for a partial taking of its property under Section 42A-1-29(A) of the Code and a claim under the New Mexico and United States Constitutions for a regulatory taking of its property.

**{3}**     On cross motions for summary judgment, the district court found that the City had taken Moongate's property based upon its exclusive right to provide service within its service area. However, after an evidentiary hearing, the court determined that, although a partial taking had occurred, the evidence did not support an award of damages to Moongate. On that basis, the district court entered judgment holding that the City had taken Moongate's property but that there were no damages. Thereafter, the City filed a cost bill pursuant to Rule 1-054(D) NMRA. Citing several sections of the Code that authorize an award of costs and litigation expenses to a condemnee but not a condemnor,[1] Moongate argued that the City was not entitled to costs because the specific cost provisions of the Code prevail over the general cost provisions of Rule 1-054(D). Unpersuaded by Moongate's argument, the district court entered an order that the City, as the prevailing party, was entitled to reasonable costs pursuant to Section 42A-1-29 and Rule 1-054(D), and awarded costs of $138,170.58 against

---

[1]The Code defines "condemnee" as a "person who has or claims an interest in property that is the subject of a prospective or pending condemnation action[,]" and "condemnor" as "a person empowered by law to condemn." Section 42A-1-2(B), (C). To "condemn" is "to take or damage property under the power of eminent domain[.]" Section 42A-1-2(A).

Moongate.

{4}    On appeal from the judgment on the merits, this Court reversed the district court's holding that the City had taken Moongate's property. *Moongate*, 2012-NMCA-003, ¶¶ 25-28. Our Supreme Court subsequently affirmed, concluding that Moongate did not have exclusive rights against the City's water utility and that, therefore, Moongate's loss of a right to serve was not a compensable taking. *Moongate*, 2013-NMSC-018, ¶¶ 15-24. The case was remanded to the district court to enter judgment for the City. *Id.* ¶ 24. This appeal on the remaining issue of the award of costs timely followed. Moongate does not challenge the amount of the award. Rather, it opposes any award of costs to a prevailing party defendant in an inverse condemnation action.

**DISCUSSION**

**Standard of Review**

{5}    Whether the City is entitled to an award of costs involves the interpretation and application of the Code and is a question of law that we review independently of the district court's determination. *See Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 10, 135 N.M. 397, 89 P.3d 69 ("Statutory interpretation is a question of law, which we review de novo."). "In construing a statute, our charge is to determine and give effect to the Legislature's intent." *Marbob Energy Corp. v. N.M. Oil Conservation Comm'n*, 2009-NMSC-013, ¶ 9, 146 N.M. 24, 206 P.3d 135. "In discerning the Legislature's intent, we are aided by classic canons of statutory construction, and we look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." *Id.* (alteration, internal quotation marks, and citation omitted). "We will not depart from the plain wording of a statute, unless it is necessary to resolve an ambiguity, correct a mistake or an absurdity that the Legislature could not have intended, or to deal with an irreconcilable conflict among statutory provisions." *Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 28, 125 N.M. 401, 962 P.2d 1236.

**The Act Authorizes Costs to the Prevailing Party Under Rule 1-054(D)**

{6}    It is well established that the right to recover costs exists only by virtue of statutory authority or court rule. *N.M. Bureau of Revenue v. W. Elec. Co.*, 1976-NMSC-049, ¶ 6, 89 N.M. 468, 553 P.2d 1275; *Gurule v. Ault*, 1985-NMCA-056, ¶ 11, 103 N.M. 17, 702 P.2d 7. Here, Moongate contends that the district court erred when it awarded costs to the City as the prevailing party in the litigation because, it argues, the Code does not permit costs to be taxed against a property owner. We disagree with Moongate's interpretation of the Code and its application of the Code's various provisions. We begin our analysis with the nature of this action.

{7}    Moongate sought recourse against the City through an inverse condemnation proceeding. An inverse condemnation proceeding is an action or eminent domain proceeding

3

initiated by the property owner (condemnee) rather than the governmental entity (condemnor), and is generally available where private property has been taken for public use without a formal condemnation proceeding. *See North v. Pub. Serv. Co. of N.M.*, 1983-NMCA-124, ¶ 9, 101 N.M. 222, 680 P.2d 603 (noting that if the condemnor "has taken or damaged property for public use without making just compensation therefor or without initiating proceedings to do so, the property owner has recourse through inverse condemnation proceedings"). The mere fact that a party brings an inverse condemnation action, however, does not mean that there has been a taking.

**{8}** Section 42A-1-29 of the Code governs inverse condemnation proceedings, and it explicitly states that such proceedings are to be "brought under and governed by the Rules of Civil Procedure for the District Courts of this state." Section 42A-1-29(A); *see* § 42A-1-15 (stating that, unless the Code specifically provides to the contrary, the Rules of Civil Procedure for the District Courts govern matters pursuant to the Code). Civil Procedure Rule 1-054(D)(1) provides, in pertinent part:

> Except when express provision therefor is made either in a statute or in these rules, costs, other than attorney fees, shall be allowed to the prevailing party unless the court otherwise directs[.]

**{9}** Because Section 42A-1-29(A) specifically directs that inverse condemnation actions are to be brought under the Rules of Civil Procedure, and because Rule 1-054(D) authorizes an award of costs, the City was clearly entitled to recover costs under the Code. Our interpretation is mandated by the plain language of Section 42A-1-29(A) and is consistent with the general rule that a district court has sound discretion to award, deny, and/or apportion costs to the prevailing party under Rule 1-054(D).

**{10}** We note further that nothing in the Code specifically prohibits or exempts an award of costs in an inverse condemnation proceeding and that, had Moongate prevailed in this action, it would have been entitled to costs under the same rule—Rule 1-054(D). If the Legislature had intended to prohibit the award of costs to prevailing party defendants in inverse condemnation cases, it could have done so explicitly. *See City of Roswell v. Smith*, 2006-NMCA-040, ¶ 12, 139 N.M. 381, 133 P.3d 271 (noting that the Legislature could have included language in a statute if it had so desired). Reading the statute as we must, where the plain language is clear and contains no exceptions, we conclude that once the district court dismissed Moongate's inverse condemnation complaint, Section 42A-1-29 of the Code unambiguously provides that the City, as the prevailing party, was entitled to its costs.

**Moongate's Arguments**

**{11}** We understand Moongate to raise three arguments in support of its contention that the district court lacked authority to award costs to the City. First, it argues that the "Code's language, history, and object are inconsistent with an award of costs against a condemnee." It contends that the plain language of the Code allows a district court to shift a condemnee's

4

costs to a condemnor but does not authorize a court to shift a condemnor's costs to the condemnee. Second, Moongate argues that the Code's specific cost provisions trump the general cost provisions outside the Code. Lastly, Moongate argues that interpreting the Code's inverse condemnation provisions to allow costs to be awarded to a prevailing party defendant would burden the constitutional right to seek just compensation for a taking of private property. In each of these arguments, Moongate ignores Section 42A-1-29, the Code provision that governs the inverse condemnation proceeding at issue here, and urges us instead to apply inapplicable statutory provisions and constitutional law. We are not persuaded for the reasons that follow.

{12} Moongate's first argument is premised on the statutory definition of "condemnee" and three provisions of the Code dealing with costs: Sections 42A-1-12, 42A-1-25, and 42A-1-32. Citing to *Landavazo v. Sanchez*, 1990-NMSC-114, ¶ 26, 111 N.M. 137, 802 P.2d 1283, and *City of Sunland Park v. Santa Teresa Services Co.*, 2003-NMCA-106, ¶ 46, 134 N.M. 243, 75 P.3d 843, Moongate contends that, because the Code does not treat inverse condemnation actions differently from any other actions, the above three provisions and definition must necessarily provide a limitation on the permissible allocation of costs. In other words, Moongate argues that costs are only available pursuant to Sections 42A-1-12, 42A-1-25, and 42A-1-32, and not pursuant to Rule 1-054(D). Moongate's argument is flawed in two respects. First, while we agree that inverse condemnation actions (initiated by a condemnee) and direct condemnation actions (initiated by the condemnor) both implement the constitutional rule that private property may not be taken or damaged for public use without just compensation, the procedures governing the types of proceedings are different and the terms are not interchangeable. The usual procedure in a direct condemnation action is for the appropriate governmental entity to make preliminary efforts to acquire the property and, if it is unable to do so, to condemn property it wishes to put to public use. *See, e.g.*, § 42A-1-2(A); § 42A-1-4 (condemnor shall make reasonable efforts to acquire property); § 42A-1-6 (requiring condemnor to make good faith effort to purchase property before commencing action); *see also* § 42A-1-17(A) (providing that, if the condemnor and condemnee cannot agree to the transfer of the property in question, the condemnor may file a petition with the court). In contrast, Section 42A-1-29 entitled, "Property taken or damaged without compensation or condemnation proceedings; right of action by condemnee[,]" governs the procedures to be applied when the condemnee initiates an action for the taking of property where the government does not initiate the action. Thus, contrary to Moongate's argument, it is clear that the Legislature does not equate inverse condemnation actions and direct condemnation actions as synonymous for all purposes. Moongate proceeded in its claim against the City under Section 42A-1-29 which, by its plain terms, sets a distinct procedure to be followed when property has been taken without compensation. It is against that specific provision that we must consider the validity of the cost award to the City.

{13} Further, statutory provisions must be interpreted in context, as a whole—a canon of construction that Moongate ignores. *See N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 11, 142 N.M. 248, 164 P.3d 947. It is true that Sections 42A-1-12, 42A-1-25, and 42A-1-32 address three kinds of costs that may be awarded under the Code: Section

42A-1-12 authorizes an award of costs and litigation expenses to a condemnee who prevails in a damages action arising out of a condemnor's entry on land for suitability studies; Section 42A-1-25 provides that the court shall award the condemnee litigation expenses when a condemnation action concludes adversely to the condemnor by abandonment, dismissal other than because a bona fide settlement has been reached, or a final determination that the condemnor does not have the right to take the property in question; and Section 42A-1-32(A) states that "[e]xcept as expressly provided by law, the costs of the proceedings to condemn property shall be paid by the party seeking the condemnation, including the costs of the final report of the commissioners if applicable." However, none of these provisions are relevant to the inverse condemnation proceeding at issue here, and they say nothing about awarding costs to a prevailing inverse condemnation party—defendant or plaintiff. For that, we must turn to Section 42A-1-29.

**{14}** We are also not persuaded that the cost provisions above create either a conflict or a limitation on when costs may be awarded as Moongate suggests. As discussed above, Section 42A-1-29(A) is a separate provision of the Code that specifically governs inverse condemnation actions and that expressly incorporates the Rules of Civil Procedure, including Rule 1-054(D).[2] Furthermore, unlike Section 42A-1-15, which makes the Rules of Civil Procedure applicable to the Code "[u]nless specifically provided to the contrary in the . . . Code . . . or unless inconsistent with its provisions," Section 42A-1-29(A) places no conditions on the application of those rules. We decline to read an exception or exemption into the Code where one does not exist. *See City of Santa Fe ex rel. Santa Fe Police Dep't v. One (1) Black 2006 Jeep 2-Door*, 2012-NMCA-027, ¶ 15, 286 P.3d 1223 (refusing to create an exception to the plain language of the statute as written).

**{15}** Moongate also contends that the Code's "specific cost provisions should be given effect over general cost provisions outside the Code." To state the proposition is to reveal its fatal flaw: The "general" cost provision is not "outside" the Code. It is expressly adopted by the Code and therefore a part of it. Moreover, this "general" provision has been adopted by the specific provision that governs the inverse condemnation proceeding at issue here—a fact that Moongate repeatedly ignores. It is true, as a general rule, that when two statutes deal with the same subject, one general and one specific, the specific statute controls. *See Stinbrink v. Farmers Ins. Co. of Ariz.*, 1990-NMSC-108, ¶ 10, 111 N.M. 179, 803 P.2d 664. But this principle has no application in this case. As discussed above, there is no conflict

---

[2]It is noteworthy that Moongate asks us to ignore a rule that is expressly incorporated into the statutory scheme (Rule 1-054), and to apply instead a rule that does not exist at all under New Mexico law (Fed. R. Civ. P. 71.1), and that would have no application even under federal law. *See KLK, Inc. v. United States Dep't of Interior*, 35 F.3d 454, 457 (9th Cir. 1994) (noting that the rule provides procedures for traditional condemnation cases initiated by the government and not for inverse condemnation cases); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1428 (9th Cir. 1996) (stating that Federal Rule of Civil Procedure 71A does not apply to an inverse condemnation claim).

when the primary provision in the Code concerning inverse condemnation adopts the Rules of Civil Procedure and, therefore, it is the specific provision relating to that cause of action.

**{16}** Finally, Moongate cites several cases to support its argument that costs should not be awarded against a property owner in an inverse condemnation proceeding. As we have noted, Moongate relies on *Landavazo* and *City of Sunland Park* for the proposition that because "the Code does not treat inverse condemnation actions as different from other condemnation actions," costs may only be authorized pursuant to the specific provisions set forth in Sections 42A-1-12, 42A-1-25, and 42A-1-32. As we have explained, the constitutional proscription against taking without just compensation is mandated by two distinct kinds of procedures. Our cases say nothing suggesting that we ignore the plain text of the statutory provision specifically governing the inverse condemnation proceeding at issue. Moreover, these cases involve entirely distinct factual circumstances.

**{17}** In *Landavazo*, our Supreme Court decided that Section 42A-1-25 permits an award of attorney fees to a successful inverse condemnation plaintiff. *Landavazo*, 1990-NMSC-114, ¶¶ 26-30. The Court noted that, with respect to an award of attorney fees, "[a]lthough the statute undoubtedly is drafted with the direct condemnation situation primarily in mind, it does not on its face preclude application to the inverse condemnation situation." *Id.* ¶ 26. However, the Court's decision was confined to a circumstance in which the governmental entity, rather than proceeding by way of a direct condemnation action, deliberately took the landowner's property without paying for it, thereby forcing the landowner to initiate the lawsuit and unnecessarily incur attorney fees. *Id.* ¶¶ 28-29. The *Landavazo* Court was clearly concerned with protecting landowners against unfettered government abuse and wanted to discourage condemnors from simply taking property without just compensation. *Id.* ¶ 28. The facts of this case are markedly different. Significantly, *Landavazo* did not address the application of Rule 1-054 or whether costs may be awarded against an unsuccessful inverse condemnation plaintiff. *City of Sunland Park* also did not address the availability of costs against an unsuccessful inverse condemnation plaintiff, nor did it address the incorporation of the Rules of Civil Procedure into Section 42A-1-29(A), or whether costs are available to a prevailing defendant under Rule 1-054(D).

**{18}** The out-of-state authorities relied upon by Moongate are similarly unavailing. Among other things, they generally involve direct condemnation cases. *See, e.g.*, *United States v. 101.80 Acres of Land*, 716 F.2d 714, 728 (9th Cir. 1983) (costs arising in original condemnation proceedings fall on the condemnor, since the taxing of costs against the landowner would violate the constitutional provision for just compensation), *superseded by statute on other grounds as stated in United States v. 313.34 Acres of Land*, 889 F.2d 814 (9th Cir. 1989); *Grand River Dam Auth. v. Jarvis*, 124 F.2d 914, 916 (10th Cir. 1942) (holding that, without exception, in an original proceeding for the condemnation of land the costs fall on the condemnor); *Salt River Project Agric. Improvement & Power Dist. v. Miller Park, LLC*, 183 P.3d 497, 502 (Ariz. 2008) (en banc) (stating that a discretionary allocation of costs is allowed in all condemnation cases); *City of Westminster v. Hart*, 928 P.2d 758, 759-60 (Colo. App. 1996) (addressing costs involving a direct condemnation action in which

7

a taking had occurred). At most, these cases stand for the proposition that a condemnor is liable for costs in a direct condemnation case.

**{19}**    Lastly, Moongate points us to the United States Supreme Court's recent decision in *Koontz v. St. Johns River Water Management District*, ___ U.S. ___, 133 S. Ct. 2586 (2013). In *Koontz*, the Court recognized that, even in the absence of a compensable taking, governmental action may impermissibly burden a property owner's exercise of the right against taking private property without just compensation. *Id.* at ___, 133 S. Ct. at 2594-96. According to Moongate, that determination supports an inference that awarding costs to a governmental entity pursuant to a general cost provision such as Rule 1-054(D) "impermissibly chills a property owner's exercise of the right to seek just compensation for a claimed taking of his or her property." This is an unwarranted leap, and one we are not willing to make.

**{20}**    In *Koontz*, a landowner sought to develop a 3.7-acre section of his property and applied for the necessary permits. *Koontz*, ___ U.S. ___, 133 S. Ct. at 2592. In order to mitigate the environmental effects of the proposal, the landowner offered to deed to the defendant water district an 11-acre conservation easement. *Id.* at ___, 133 S. Ct. at 2592-93. The water district found the easement to be inadequate and informed the applicant that it would approve construction only if he agreed to either grant the district a conservation easement or pay for improvements to land owned by the district. *Id.* at ___, 133 S. Ct. at 2593. The United States Supreme Court held that the district's demand for property from a landowner in response to a land-use permit application must satisfy the unconstitutional conditions doctrine that requires a nexus and rough proportionality between a government's demand for a portion of the landowner's property and the effects of the proposed land use. *Id.* at ___, 133 S. Ct. at 2602-03. Accordingly, application of the doctrine is necessary even when the government denies the permit and even when it only demands money from the landowner. *Id.*

**{21}**    The Supreme Court in *Koontz* was clearly concerned with coercive and "extortionate" government conduct in the context of land-use permitting. *Id.* at ___, 133 S. Ct. at 2594-95. As a result, the Court made clear that "regardless of whether the government ultimately succeeds in pressuring someone into forfeiting a constitutional right, the unconstitutional conditions doctrine forbids burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them." *Id.* at ___, 133 S. Ct. at 2595. That is not the situation here. In this case, the issue is solely whether a prevailing defendant in an inverse condemnation action may recover its litigation costs pursuant to a rule of procedure expressly incorporated into the statute that governs those proceedings. There are no issues of coercive, extortionate conduct similar to that presented in *Koontz*, and *Koontz* did not hold—or even imply—that it is unconstitutional to assess costs against a property owner who does not prevail in establishing a compensable taking.

**{22}**    We see nothing unique or particularly novel in awarding costs to a prevailing party in an inverse condemnation proceeding, and we read Section 42A-1-29 of the Code as

8

expressly providing for such an award. Accordingly, the district court correctly ruled that Rule 1-054(D) authorizes an award of costs to the City as a prevailing party in this case.

**CONCLUSION**

**{23}** We affirm the decision of the district court.

**{24}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**