This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**RIO GRANDE CREDIT UNION,**
**Plaintiff-Appellant,**
**v.**
**CITY OF ALBUQUERQUE,**
**Defendant-Appellee.**

Docket No. A-1-CA-35712
COURT OF APPEALS OF NEW MEXICO
May 21, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Beatrice J. Brickhouse, District Judge

**COUNSEL**

Barnett Law Firm, P.A., Roman Esquibel, Albuquerque, NM for Appellant

City of Albuquerque, Esteban A. Aguilar, Jr., City Attorney, John E. DuBois, Assistant City Attorney, Kevin A. Morrow, Assistant City Attorney, Albuquerque, NM for Appellee.

**JUDGES**

JACQUELINE R. MEDINA, Judge. WE CONCUR:  M. MONICA ZAMORA, Chief Judge, JULIE J. VARGAS, Judge

**AUTHOR:** JACQUELINE R. MEDINA

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Plaintiff Rio Grande Credit Union appeals the district court's order granting the City of Albuquerque summary judgment in an inverse condemnation action involving a drainage easement across Plaintiff's property. Plaintiff claims the City's placement of a drainage pipe on its property resulted in a taking without just compensation. The district court granted the City's motion for summary judgment, concluding the City's drainage pipe was placed within the unambiguous drainage easement for the benefit of the City.

We address three issues on appeal: (1) whether the district court erred in concluding the City's easement was unambiguous; (2) whether the district court erred in concluding the easement had not been modified; and (3) whether the district court erred in finding no taking. We affirm.

**BACKGROUND**

**{2}** We set forth only a brief recitation of facts as the parties are familiar with the factual and procedural history. Except where noted, the facts were undisputed. Plaintiff purchased certain commercial property (property) subject to a recorded easement granted to the City and AMAFCA (City's easement). In 1986, Plaintiff's predecessors-in-interest filed a plat of several lots, including Plaintiff's property. The plat contained language stating that the property was subject to a ninety-foot "public drainage easement granted by this plat" for the benefit of the City along the western portion of the property and further provided:

> 10. DRAINAGE EASEMENTS—Drainage easements are granted to AMAFCA and the City of Albuquerque for the benefit of all owners of the subdivision or indicated on the Plat for the passage, containment or diversion of surface waters; and between individual property owners as indicated on the Plat by reference or notation.

**{3}** The plat also granted a separate twenty-four foot "private ingress, egress, drainage [and] public utility easement" to the City, the Public Service Company of New Mexico, the Gas Company of New Mexico, Mountain Bell, and all owners of the subdivision (twenty-four-foot easement). The twenty-four-foot easement is located to the south of the City's easement.

**{4}** Plaintiff's predecessor-in-interest submitted a site plan to the City for a building permit on the portion of the property not encumbered by the easement, which the City approved. Plaintiff then purchased the property from its predecessor-in-interest, subject to all easements of record. Neither Plaintiff nor Plaintiff's predecessor-in-interest vacated the easement by following the City's ordinance procedures. No new or amended plat was filed between the filing of the 1986 plat and the commencement of Plaintiff's inverse condemnation suit.

**{5}** In 2005 the City installed a drainage pipe on Plaintiff's property entirely within the City's easement as identified in the 1986 plat. Eight years later, Plaintiff filed suit for inverse condemnation claiming the installation of the drainage pipe constituted a taking of Plaintiff's property because the drainage pipe's location prevents Plaintiff from erecting a building or any other improvement on the property. Plaintiff argued that the City's prior approval of a building site plan informally consolidated the City's easement into the twenty-four-foot easement, rendering the location of the drainage pipe outside the City's easement. The City filed a motion for summary judgment arguing that (1) the 1986 plat granted the City a ninety-foot-wide public drainage easement extending through the western portion of the property; (2) the easement had not and could not be

informally consolidated by the site plan; (3) Plaintiff did not seek to vacate or amend the easement through the City's ordinance procedures; and (4) Plaintiff has no inverse condemnation claim because the drainage pipe was placed entirely within the City's easement. *See* Rule 1-056(C) NMRA (providing that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

{6}     Plaintiff then filed a cross-motion for summary judgment. Plaintiff conceded the City was granted the ninety-foot drainage easement described in the 1986 plat, but argued it was entitled to summary judgment as a matter of law because the City's placement of the drainage pipe rendered Plaintiff's land worthless. The City responded that the drainage pipe was built within its easement, and Plaintiff's inability to build on the encumbered portion of the land was a result of the pre-existing easement.

{7}     After a hearing, the district court issued a written decision denying Plaintiff's motion for summary judgment and granting the City's. The district court ruled the City's easement is unambiguous, there was no express agreement to modify the easement, Plaintiff provided no authority allowing an easement to be modified rather than vacated, and Plaintiff offered no on-point authority that an express easement can be "informally consolidated." Plaintiff subsequently filed a motion to reconsider arguing the district court misapprehended the facts and, for the first time, asserting that the City was estopped from using its full easement. The district court denied Plaintiff's motion to reconsider.

## STANDARD OF REVIEW

{8}     We review the grant or denial of summary judgment on appeal de novo. *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 14, 150 N.M. 428, 260 P.3d 414. We will affirm the district court "if we conclude that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). "We view the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Id.* (internal quotation marks and citation omitted). "The party moving for summary judgment has the initial burden of establishing a prima facie case for summary judgment by presenting such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Id.* (internal quotation marks and citation omitted). Once the movant meets this burden, "the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citations omitted). A fact is material if "under the pertinent substantive law, the fact is necessary to give rise to a claim." *City of Rio Rancho*, 2011-NMSC-037, ¶ 14 (internal quotation marks and citation omitted).

**DISCUSSION**

**{9}** This appeal arises from an inverse condemnation claim which required the district court to address the scope of the City's easement. On appeal, this Court must also address the scope of the City's easement to determine the validity of Plaintiff's inverse condemnation claim. Accordingly, prior to addressing the scope of the City's easement, we briefly address inverse condemnation claims in general. An inverse condemnation proceeding is an action initiated by a property owner against a governmental entity "and is generally available where private property has been taken for public use without a formal condemnation proceeding." *Moongate Water Co., Inc. v. City of Las Cruces*, 2014-NMCA-075, ¶ 7, 329 P.3d 727; *see* N.M. Const. art. 2, § 20 ("Private property shall not be taken or damaged for public use without just compensation."); NMSA 1978, § 42A-1-29(A) (1983) ("A person authorized to exercise the right of eminent domain who has taken or damaged . . . property for public use without making just compensation or without instituting . . . any proceeding for condemnation is liable to the condemnee . . . for the value [of] . . . the property [when it was] taken or damaged[.]"); *North v. Pub. Serv. Co. of N.M.*, 1983-NMCA-124, ¶ 9, 101 N.M. 222, 680 P.2d 603 (explaining that if the governmental entity "has taken or damaged property for public use without making just compensation therefor or without initiating proceedings to do so, the property owner has recourse through inverse condemnation proceedings").

**{10}** To prove it is entitled to recover damages from the City for inverse condemnation, Plaintiff must prove that the City took or damaged its property for public use without properly compensating Plaintiff or bringing a formal condemnation proceeding against it. *See Moongate*, 2014-NMCA-075, ¶ 7. It is undisputed that the City did not provide any compensation or bring a formal condemnation proceeding against Plaintiff. Plaintiff argues its property was damaged when the City installed the drainage pipe on Plaintiff's property, precluding Plaintiff from constructing any improvements on the property.

**{11}** While it is undisputed the drainage pipe was installed within the easement granted in the 1986 plat, Plaintiff argues the City's easement is ambiguous or has been modified from its original grant such that the drainage pipe was placed outside the City's modified easement. Thus the success of Plaintiff's inverse condemnation claim rests on whether the instrument creating the City's easement is ambiguous or whether the City's easement has been modified since it was created. Therefore, we must first determine the scope of the City's easement before we can properly consider Plaintiff's inverse condemnation claim.

**{12}** The fact that the City installed the drainage pipe entirely within the easement as granted by the 1986 plat satisfies the City's obligation to make a prima facie case for summary judgment and the burden therefore shifts to Plaintiff to prove there is a genuine issue of material fact for trial or that the City was otherwise not entitled to a judgment as a matter of law. *See Romero*, 2010-NMSC-035, ¶ 10. The district court determined Plaintiff failed to satisfy its burden because it failed to come forward with

admissible evidence to show the 1986 plat was ambiguous or that the City's easement had been modified from its original terms. *See* Rule 1-056.

**{13}** Plaintiff argues the district court erroneously granted the City's motion for summary judgment by: (1) concluding the City's easement was unambiguous; (2) failing to recognize the easement had been modified; (3) failing to find the City owed Plaintiff a duty of good faith and fair dealing; and (4) finding no evidence the City's placement of the drainage pipe damaged Plaintiff's property.

## I.     The Easement Recorded in the 1986 Plat Was Unambiguous

**{14}** Plaintiff argues the City's easement is ambiguous because the City's easement could be used in a number of ways to accomplish its purpose, and the district court should have considered extrinsic evidence to determine the easement's location and dimensions were not as expressed in the plat. As explained below, we disagree.

**{15}** We interpret the language creating an easement de novo. *Dethlefsen v. Weddle*, 2012-NMCA-077, ¶ 10, 284 P.3d 452; *see also Brooks v. Tanner*, 1984-NMSC-048, ¶ 11, 101 N.M. 203, 680 P.2d 343 ("The evidence bearing on the issue is substantially all documentary, being comprised of the contract and the various instruments referred to therein. [An appellate court] is therefore as well positioned as the district court to consider the evidence and determine the extent of the easement.").

**{16}** "An easement is distinguished from a fee, and constitutes a liberty, privilege, right, or advantage which one has in the land of another." *Dethlefsen*, 2012-NMCA-077, ¶ 12 (internal quotation marks and citation omitted). Easements are "created by express agreement, prescription or by implication." *Id.* "The existence and scope of an express easement are determined according to the intent of the parties." *Mayer v. Smith*, 2015-NMCA-060, ¶ 11, 350 P.3d 1191 (internal quotation marks and citation omitted). The intent of the parties is derived from the language of the agreement. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 18, 146 N.M. 627, 213 P.3d 531. "Where . . . the grant or reservation is specific in its terms, *it is . . . decisive of the limits of the easement.*" *Dyer v. Compere*, 1937-NMSC-088, ¶ 12, 41 N.M. 716, 73 P.2d 1356 (emphasis added). "[W]hen interpreting the nature and extent of an easement, we place 'heavy emphasis . . . on the written expressions of the parties' intent.' " *City of Rio Rancho*, 2011-NMSC-037, ¶ 37 (omission in original) (quoting Restatement (Third) of Prop.: Servitudes § 4.1 cmt. d, at 499 (2000)). "The recorded instrument is often the primary source of the information available to a prospective purchaser of the land[,]" and "[a]n easement should be construed according to its express and specific terms as a manifestation of the intent of the parties." *Id.* (internal quotation marks and citation omitted). "[T]he written language of an easement should be conclusive, and consideration of extrinsic evidence is generally inappropriate." *Dethlefsen*, 2012-NMCA-077, ¶ 12. If the easement language is ambiguous, however, "the parties' intention must be determined from the language of the instrument as well as from the surrounding circumstances." *Sanders v. Lutz*, 1989-NMSC-076, ¶ 8, 109 N.M. 193, 784 P.2d 12.

**{17}** An easement is unambiguous when its written expression includes: (1) its nature and purpose; (2) identification of each dominant estate holder; (3) a duration; and (4) a definite location, including any dimensions. *Mayer*, 2015-NMCA-060, ¶ 12. Plaintiff does not contest or otherwise dispute that the express terms of the easement establish the first three elements. The City's easement identifies its nature and purpose as a drainage easement "for the passage, containment or diversion of surface waters." *See City of Rio Rancho*, 2011-NMSC-037, ¶¶ 16, 33 (concluding an easement described as a "drainage easement" is unambiguous). The 1986 plat identifies the City as one of the dominant estate holders. The 1986 plat does not express a definite term and under our easement jurisprudence, it is therefore of indeterminate duration. *See Mayer*, 2015-NMCA-060, ¶ 14 ("Where no definite term is established, the duration of an express easement is indeterminate." (citing Restatement (Third) of Property: Servitudes § 4.3 cmt. e, at 526)).

**{18}** The dispute in this case focuses on the fourth element, the location and dimensions of the City's easement. Plaintiff does not dispute and concedes that "the Easement's dimensions and location were originally set in the 1986 Platt [sic]." However, Plaintiff contends the easement is ambiguous because when the easement was granted, the parties did not have a full understanding of what the City's future drainage needs would be, and thus, the ultimate location and dimensions of the drainage system were unknown. We need not consider these future drainage needs because "[t]o allow extrinsic evidence to establish an ambiguity in the meaning of language in a plat, when the language itself is unambiguous, would frustrate the purpose of our law that governs the recording of instruments affecting real estate." *City of Rio Rancho*, 2011-NMSC-037, ¶ 38. The 1986 plat clearly describes a ninety-foot easement along the western portion of the property. Nothing in the granting language of the plat indicates any intent on the part of the parties to modify the easement based on the actual size of any installed drainage pipe.

**{19}** Plaintiff relies on Section 4.8 of the Restatement (Third) Property: Servitudes to support its argument that as the owner of the servient estate, the law grants it the ability to dictate the location and dimensions of an easement. Plaintiff's reliance on this Section is misplaced because, by its own terms, the cited section does not apply when the location and dimensions of an easement are defined in the recorded plat. *See* Restatement (Third) Prop.: Servitudes § 4.8, at 559 (excepting servitudes "*where the location and dimensions are determined by the instrument*" from the methods described) (emphasis added)). As Plaintiff concedes the location and dimensions of the City's easement are set forth in the 1986 plat, Section 4.8 of the Restatement does not assist Plaintiff.

**{20}** Plaintiff failed to show "the existence of specific evidentiary facts which would require trial on the merits" regarding the alleged ambiguous nature of the City's easement. *See Romero*, 2010-NMSC-035, ¶ 10 (internal quotation marks and citations omitted). Therefore, we affirm the district court's ruling that Plaintiff failed to show there was a genuine issue of material fact for trial on its claim that the City's easement granted in the 1986 plat was ambiguous.

## II.    The City's Easement Has Not Been Modified

**{21}**    Plaintiff next argues that even if the City's easement is unambiguous, it was modified by implication, consolidation, or estoppel when the City approved the site plan and during discussions regarding Plaintiff's future plans for the property. Plaintiff contends that this modification of the easement resulted in the City's placement of the drainage pipe outside of the easement, thereby damaging Plaintiff's property. The City argues that to "modify" the easement in the manner suggested by Plaintiff would be, in effect, a vacation of the easement, and to vacate the City's easement, Plaintiff must comply with the City's ordinance procedures, which Plaintiff did not.

**{22}**    Plaintiff directs this Court to the Restatement regarding modification of easements, which states, "A servitude may be modified or terminated by agreement of the parties, pursuant to its terms, or under the rules stated in this Chapter. Restatement (Third) Prop.: Servitudes § 7.1, at 337. Even when "all of the parties interested" agree to modify an easement, "[t]he formality requirements for creation of a servitude . . . [still] apply to modification and termination agreements." *Id.* cmt. b, at 339. These formality requirements include a writing, unless another exception applies. *See id.* § 2.8 cmt. a, at 132. Absent a writing, the Restatement contemplates a modification or vacation by estoppel. *Id.* § 7.6, at 370-71.

**{23}**    The formality requirements of the Restatement comport with our case law. An easement is a limited property right describing a "liberty, privilege, right or advantage which one has in the land of another." *Martinez v. Martinez*, 1979-NMSC-104, ¶ 11, 93 N.M. 673, 604 P.2d 366; *see Cox v. Hanlen*, 1998-NMCA-015, ¶ 26, 124 N.M. 529, 953 P.2d 294 (describing easements as "real property interest[s]"). *See generally Muckleroy v. Muckleroy*, 1972-NMSC-051, ¶ 5, 84 N.M. 14, 498 P.2d 1357 ("Broadly defined, property includes every interest a person may have in a thing that can be the subject of ownership, including the right to enjoy, use, freely possess and transfer that interest."). As a property interest, "[t]itle to an easement passes like title to any other real estate[.]" *Ritter-Walker Co. v. Bell*, 1942-NMSC-008, ¶ 5, 46 N.M. 125, 123 P.2d 381 (explaining that a grant of an easement is subject to the statute of frauds "unless acquired by adverse user[, b]ut an oral grant is sufficient if the consideration is paid by, and possession is given to, the purchaser"). Without a writing to satisfy the statute of frauds, Plaintiff must prove both the existence of an oral agreement to transfer title "by clear, cogent and convincing evidence" and the contents of the agreement. *Cox*, 1998-NMCA-015, ¶ 26 (internal quotation marks and citation omitted).

**{24}**    Because the written instrument that creates an easement is given heavy emphasis when interpreting an easement's nature and extent, modifying the creating instrument modifies the easement. *See City of Rio Rancho*, 2011-NMSC-037, ¶ 37. Comporting with the requirements above, the City's ordinances provided procedures for vacating or amending an easement during the events of this case. *See* Albuquerque, N.M., Rev. Ordinances ch. 14, art. 14, §§ 14-14-7-1 to -2 (1994, amended 2010) (repealed 2018). A person seeking only vacation of a public easement could vacate an easement by following procedures set forth in Albuquerque, N.M., Rev. Ordinances, §

14-14-7-2 of the Albuquerque ordinances. A person could amend or vacate any plat by following the procedures in Albuquerque, N.M., Rev. Ordinances, § 14-14-7-1. To amend an instrument is to formally revise it. *Black's Law Dictionary* 98 (10th ed. 2014). Such a revision could modify the express grant of the easement, and thus the scope of the easement itself. *See City of Rio Rancho*, 2011-NMSC-037, ¶ 37.

**{25}** Specifically, to amend a plat under the City ordinance, Plaintiff would have been required to record a new subdivision plat. *See* Albuquerque, N.M., Rev. Ordinances §14-14-7-1(A)(1) (addressing the amendment, vacation, or voiding of a plat absent misrepresentation or fraud). Such a plat could also serve as a means to modify the language creating the easement, and thus its nature and extent. *See City of Rio Rancho*, 2011-NMSC-037, ¶ 37. Because such a re-plat would affect the rights of the City's pre-existing public drainage easement, in order to be effective under the City's ordinances, the re-plat would require the signature of an authorized representative of the City. *See* Albuquerque, N.M., Rev. Ordinances, § 14-14-7-1(D). Plaintiff provided no evidence that it took any of the steps necessary under the City's ordinances to vacate, amend, or modify the City's easement. Plaintiff also has not presented a grant transferring title of the easement, *Ritter-Walker Co.*, 1942-NMSC-008, ¶ 5, or clear, cogent, and convincing evidence of an oral agreement. *See Cox*, 1998-NMCA-015, ¶ 26. Plaintiff has not presented sufficient evidence to demonstrate the City's easement has been officially modified or vacated in accordance with the Restatement, state law, or the relevant City ordinances.

**{26}** Plaintiff also argues the approved site plan "informally consolidated" the City's easement into the twenty-four-foot easement. Plaintiff does not explain what an "informal consolidation" is or how it is legally distinct from an amendment or modification, nor does Plaintiff provide authority to support its contention. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 (declining "to depart from well-established jurisprudence" where a party cites no authority).

**{27}** Plaintiff does not explain, or cite authority, for its position that the site plan satisfies the formality requirements for modifying an easement. *See Ritter-Walker Co.*, 1942-NMSC-008, ¶ 5; *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We assume no such authority exists, *see In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329, and conclude there was no "informal consolidation" of the recorded easement.

**{28}** Plaintiff additionally asserts, as it did for the first time in its motion to reconsider, that the City's easement was modified by estoppel. Denial of a motion to reconsider is reviewed for an abuse of discretion, and "we cannot say that the [district] court abused its discretion" when it denies a motion to reconsider an issue "raised for the first time in the motion for reconsideration." *Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶¶ 23-26, 138 N.M. 851, 126 P.3d 1215. We consider Plaintiff's argument and affirm the district court.

**{29}** Plaintiff's estoppel argument relies on the same extrinsic evidence that Plaintiff argues creates an ambiguity in the City's easement, and we find it unavailing. Equitable estoppel requires (1) a false representation or concealment of material facts, (2) knowledge of the real facts, and (3) an intention or expectation that an innocent party would rely on those facts. *Mem'l Med. Ctr., Inc. v. Tatsch Constr., Inc.*, 2000-NMSC-030, ¶ 9, 129 N.M. 677, 12 P.3d 431. The required reliance must be to the innocent party's detriment. *Id.* The site plan, a document submitted to the City and not created by either party, makes no reference to the City's easement. Plaintiff also cites a section of deposition testimony provided by a co-owner of the real estate company that sold the land to Plaintiff:

> And the technical stuff, we may have made a mistake, but I think the City . . . made representations to [Plaintiff] that we had the right to rely on. And I think at the end of the day, everyone we've talked to at the City, with the exception of Municipal Development who said we had the right to build it there—everyone else in the discussion has agreed they wanted to buy the property anyway.

Based on the site plan and deposition testimony, Plaintiff asks this Court to infer a false representation by the City of an intent to reduce the City's easement into the twenty-four-foot easement.

**{30}** We are unpersuaded that the testimony demonstrates a false representation by the City regarding an extinguishment of, or modification to, the City's easement, even though the testimony contains allegations that the City intended to buy the property at one point, and an assertion that people working for the City told the real estate developer it had "the right to build it there." The site plan does not reference the City's easement, does not contain a structure over the easement's location, and was not created by the City. Accordingly, we conclude the district court did not abuse its discretion by denying Plaintiff's motion to reconsider.

## III. The City's Easement Has Not Been Vacated or Abandoned

**{31}** While Plaintiff fails to acknowledge it, Plaintiff's argument necessarily entails a vacation, in whole or in part, of the City's easement. The City argues its easement could not be "consolidated" into the twenty-four-foot easement without first vacating the original ninety-foot easement.

**{32}** An agreement seeking to vacate or extinguish an easement "must be executed with the same formalities as are generally required in making transfers of interest in land." *Sedillo Title Guar., Inc. v. Wagner*, 1969-NMSC-087, ¶ 18, 80 N.M. 429, 457 P.2d 361. "An easement cannot be extinguished by an unexecuted oral agreement." *Id.* ¶ 16. The owner of an easement "may abandon the right to [the] easement[,]" by "evinc[ing] a clear and unequivocal intention to do so." *Sitterly v. Matthews*, 2000-NMCA-037, ¶ 31, 129 N.M. 134, 2 P.3d 871. Here, Plaintiff has introduced no evidence of an extinguishment agreement or any other evidence of the City's clear and unequivocal

intention to abandon the City's easement. We conclude the City's easement was not vacated or abandoned.

## IV.     Plaintiff Has Failed to Show Damage or a Taking

**{33}**     Lastly, Plaintiff argues the district court failed to recognize a taking based on the contractual duties of good faith and fair dealing owed by the City to Plaintiff arising from the City's ownership of the City's easement. Relying on the Restatement (Third) Property: Servitudes, Plaintiff argues the City violated its duty to develop and design the drainage project in the least restrictive manner, including exploring ways to place the drainage pipe on someone else's land to ensure Plaintiff's property was not rendered useless. As in the district court, Plaintiff asserts this argument without authority supporting its claim that a beneficiary of an easement imposes the duties of good faith and fair dealing. We assume no such authority exists and do not consider this claim of error. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

## CONCLUSION

**{34}**     In light of the City's prima facie showing that the 1986 plat expressly granted the City the ninety-foot public drainage easement across Plaintiff's property and that the drainage pipe was built entirely within that easement, the burden shifted to Plaintiff to show that a genuine issue of material fact existed or that the City was otherwise not entitled to a judgment as a matter of law. *See Romero*, 2010-NMSC-035, ¶ 10. Because Plaintiff failed to meet its burden, the district court properly granted summary judgment in favor of the City.

**{35}**     We affirm the district court's grant of summary judgment to the City and denial of Plaintiff's motion for summary judgment.

**{36}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**JULIE J. VARGAS, Judge**